[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11676
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20718-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO D. MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 25, 2013)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Guillermo Martinez appeals his 78-month sentence, imposed after pleading guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  Martinez argues that his sentence was substantively unreasonable because the district court did not grant him a downward variance from the sentencing guidelines, indicating that the court insufficiently considered the need to avoid unwarranted disparities among sentences imposed in similar situations, as required by18 U.S.C. § 3553(a)(6).   Because we find that the district court did not abuse its discretion in determining that no such unwarranted disparity existed, we affirm Martinez's sentence.

We review the reasonableness of a sentence imposed by a district court under a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41 (2007).  Martinez's sentence of 78 months was at the bottom of the 78 to 97-month range produced by an application of the U.S. Sentencing Guidelines, and Martinez does not dispute that the court properly calculated his guideline range.[1] See United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) ("[W]e ordinarily expect a sentence within the Guidelines range to be reasonable.") (internal

---

[1] Although the Presentence Investigation Report ("PSI") initially recommended a two-level enhancement based on distribution of child pornography, which would have made the Guideline range 97 to 120 months, the government had agreed not to seek such an enhancement under  Martinez's plea agreement.  While Martinez characterizes his 78 month sentence as a slight downward departure from the sentencing range recommended in the PSI, a review of the record indicates that the court appeared to follow the proposal to omit the distribution enhancement, rendering the sentence of 78 months within the applicable Guideline range rather than a downward departure.

quotation marks and alterations omitted).   Rather, he maintains that the sentencing court abused its discretion in denying his request for a downward variance because there is an unwarranted disparity between his sentence and the sentences of defendants in other cases involving child pornography offenses.  The record, however, belies this contention.  The court expressly and thoroughly addressed the possibility of a disparity, continuing the sentencing hearing to allow the parties time to research and present arguments concerning whether following the Guidelines in Martinez's case would create an unwarranted sentencing disparity. Sufficient factual circumstances distinguished Martinez's case from other cases in this circuit where downward variances were granted, including the very young age of the children involved in the images in this case, the fact that Martinez had no history of abuse or emotional or mental disorder, and the fact that Martinez was not himself a minor.

The weight to be accorded to any § 3553(a) factor is "a matter committed to the sound discretion of the district court," United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007), and under the facts presented here we cannot say that the district court abused that discretion.[2]   Accordingly, we affirm the sentence as reasonable.

---

[2]  Martinez's argument that the district court should have found that the Guidelines pertaining to child pornography offenses fail to properly reflect § 3553(a) considerations is also unavailing.  This Court has declined to conclude that the Guidelines governing child

**AFFIRMED.**

---

pornography are inherently flawed or disproportionately harsh, and it was not an abuse of discretion for district court to "consider the [Martinez's] offenses to be serious and to conclude that [a] significant sentence[ was] warranted." United States v. Wayerski, 624 F.3d 1342, 1355 (11th Cir. 2010); see also United States v. Pugh, 515 F.3d  1179, 1201 n.15 (11th Cir. 2008) (distinguishing the Guidelines governing crack cocaine offenses from those governing the possession of child pornography).